IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  14-4023 |
| | ) | |
| THOMAS & SONS TRUCKING,  L.L.C., | ) | |
| CLAUDE CRAWFORD, AND PENNY | ) | |
| CRAWFORD, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff National Casualty Company filed this action seeking declaratory judgment against defendants Thomas & Sons Trucking, L.L.C., Claude Crawford, and Penny Crawford regarding insurance coverage issues.  Defendant Claude Crawford has failed to plead or answer after waiving service of summons.  The case is before the court on Plaintiff's Motion for Default Judgment against Claude Crawford pursuant to Rule 55 of the Federal Rules of Civil Procedure (Doc. 14).  Defendant Penny Crawford filed a response to plaintiff's motion, arguing that default judgment is not appropriate for procedural and substantive reasons.  (Doc. 24.)  Defendant Penny Crawford is correct.  Default judgment is not appropriate at this time, and the court denies Plaintiff's Motion for Default Judgment without prejudice.

### I. Procedural Requirements for Default Judgment

Plaintiff's motion is not yet ripe for review.  Plaintiff has not complied with Rule 55's two-step process for default judgment mandated under Rule 55.  *See* Fed. R. Civ. P. 55(a)–(b); *Williams v. Smithson*, No. 95-7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995); *Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1222 (D. Kan. 2011); *Feuer v. McCollum*, No. 03-3270-CM, 2004 WL 2278569, at *3 (D. Kan. Sept. 23, 2004); *Roberts v. Shawnee Mission Ford*, No.

01-2113-CM, 2003 WL 21479194, at *1 (D. Kan. June 17, 2003).  First, the plaintiff must request that the clerk enter default on the record.  *Williams*, 1995 WL 365988, at *1; *Christenson Media Grp.*, 782 F. Supp. 2d at 1222; *Feuer*, 2004 WL 2278569, at *3; *Roberts*, 2003 WL 21479194, at *1.  After a party's failure to plead or otherwise defend "is shown by affidavit or otherwise," the clerk must enter default against that party.  Fed. R. Civ. P. 55(a).  Second, only after the entry of default may the plaintiff move for default judgment.  *Christenson Media Grp.*, 782 F. Supp. 2d at 1222; *Feuer*, 2004 WL 2278569, at *3; *see also Williams*, 57 F.3d 1081; *Roberts*, 2003 WL 21479194, at *1.  A plaintiff who moves for default judgment first is "trying to skip step one and jump to step two."  *Christenson Media Grp.*, 782 F. Supp. 2d at 1223.  "A plaintiff may not seek default judgment before it has applied for entry of default."  *Id.*

Here, plaintiff has not requested that the Clerk enter default against defendant Claude Crawford under Rule 55(a).  Therefore, the plaintiff's motion for default judgment under Rule 55(b)(2) is not ripe for review.   But even if plaintiff had first applied for an entry of default against defendant, the court would deny plaintiff's motion for default judgment for the substantive reasons set forth below.

II. **Substantive Requirements for Default Judgment**

Defendant Penny Crawford objects to the plaintiff's motion for default judgment.  She argues that *Frow v. De La Vega*, 82 U.S. 552 (1872), directs against entering default judgment against one defendant until the matter is adjudicated with regard to all defendants.   By requesting default judgment, plaintiff asks the court to declare that plaintiff has no obligation under the insurance policy to pay for any damages that its insured, defendant Claude Crawford, may owe because of injury to defendant Penny Crawford.   This declaration would indicate that Penny Crawford was acting in the course of employment at the time of her injuries, placing the injuries within the exclusionary language of the insurance policy.

*Frow* holds that a court should not separately make a final decree against one defendant on the merits while the case is still pending with respect to other defendants and it could create inconsistent judgments. 82 U.S. at 554. When finding against one defendant could create inconsistencies, the Clerk should enter default, and the court should then proceed with respect to the other defendants. *Id.* The defaulting defendant will have lost standing in court, but if the case is decided against the plaintiff on the merits, the action will be dismissed as to all defendants, including the defaulting defendant. *Id.* If the case is decided in plaintiff's favor, plaintiff will then be entitled to a judgment against all defendants. *Id.*

While the *Frow* case involved joint liability, the rationale is also applicable to cases where several defendants have closely related defenses. *Allstate Prop. & Cas. Ins. Co. v. Salazar-Castro*, No. 08-2210-CM, 2009 WL 196150 (D. Kan. Jan. 23, 2009). The *Allstate* case involved facts similar to those before the court now. *See id*. The court held that default judgment is not appropriate where there are defendants with closely related, defenses and an entry of default judgment could lead to inconsistent findings. *Id.*

Here, an entry of default judgment against Claude Crawford—finding that Penny Crawford's injuries arise out of and in the course of her employment and declaring no insurance coverage—would effectively prevent defendants Penny Crawford and Thomas & Sons Trucking, L.L.C. from presenting their defense. It also risks inconsistent findings. In addition, all three defendants have closely related defenses—namely, that there is no applicable exclusion in the insurance policy because Penny Crawford was not acting within the scope of employment. Defendants Claude Crawford and Thomas & Sons Trucking, the insureds, have an interest in the court finding that Penny Crawford's injuries did not arise in the course of her employment, as does defendant Penny Crawford, the injured party. The non-defaulting defendants have denied many of the critical facts that plaintiff asks the court to find

against the defaulting defendant.  The court therefore determines that default judgment is not appropriate at this time.

Accordingly, because the issue of entering default judgment is not properly before the court procedurally and substantively, the court denies plaintiff's motion for default judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment against Claude Crawford (Doc. 14) is denied without prejudice.

Dated this 4th day of December, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
