IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-4023-CM |
| ) | |
| THOMAS & SONS TRUCKING, L.L.C., ) | |
| CLAUDE CRAWFORD, AND PENNY ) | |
| CRAWFORD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff National Casualty Company filed this action seeking declaratory judgment against defendants Thomas & Sons Trucking, L.L.C., Claude Crawford, and Penny Crawford regarding insurance coverage issues. (Doc. 1.) The case is before the court on Defendant Thomas & Sons Trucking, L.L.C.'s Motion to Stay These Proceedings or in the Alternative to Dismiss this Declaratory Judgment Action (Doc. 20) and Defendant Penny Crawford's Motion to Dismiss or in the Alternative Stay the Declaratory Judgment Action until Resolution of the Contemporaneous State Action (Doc. 22). Defendants ask the court to stay or dismiss this case in light of a related personal injury action in Mitchell County, Kansas District Court. According to defendants, the state court action could decide whether defendant Penny Crawford—the injured party—was acting in the course of employment at the time of her injuries.

It is within the district court's discretion whether to exercise jurisdiction over an action under the Declaratory Judgment Act. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 289 (1995); *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995). But a district court "should not entertain a declaratory judgment action over which it has jurisdiction if the fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276

(10th Cir. 1989). The Tenth Circuit has set forth five factors that a court should evaluate in determining whether to exercise jurisdiction over a declaratory judgment action:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)) (recognizing the factors of *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), but applying the *Mhoon* factors). The court need not first evaluate whether the state court and federal court actions are parallel, but should inquire as to the similarity between the two proceedings as part of the *Mhoon* factor analysis. *Id.* at 1183. The degree of identity of the parties and issues are "only factors in the analysis; they are not determinative." *Id.* The court therefore analyzes all of the *Mhoon* factors.

The first *Mhoon* factor weighs slightly in plaintiff's favor. This declaratory action would settle the insurance coverage issues raised in the case. On the other hand, this action would leave outstanding the underlying liability issues, which are being litigated in state court.

The second *Mhoon* factor also weighs in plaintiff's favor. The Declaratory Judgment Act "enables parties uncertain of their legal rights to seek a declaration of rights prior to injury." *Kunkel*, 866 F.2d at 1274 (citation omitted). Declaratory judgment actions are appropriate to clarify legal relations before final adjudication of an underlying action because an insurer has a duty to defend, conduct settlement negotiations, and pay any judgment or settlement amount entered against its insured. *Id.* at 1275; *Nationwide Mut. Ins. Co. v. Smith*, No. 11-1266-JAR-GLR, 2014 WL 806183, at *2 (D. Kan. Feb. 28, 2014). A declaratory judgment from this court relating to the coverage issues

presented would serve a useful purpose in clarifying the parties' legal relations and resolving uncertainty surrounding plaintiff's obligations.

Under the third *Mhoon* factor, the court must consider whether the declaratory remedy is being used for procedural fencing. This factor weighs slightly in defendants' favor. "'In looking at whether the declaratory judgment action is being used in order to gain a procedural advantage, the court considers the timeliness of the actions at issue.'" *Ortiz v. Biscanin*, 190 F. Supp. 2d 1237, 1246 (D. Kan. 2002) (quoting *Bd. of County Comm'rs v. Cont'l W. Ins. Co.*, 184 F. Supp. 2d 1117, 1121 (D. Kan. 2001)). Plaintiff did not timely file this action to clarify its obligations under the policy after defendant Penny Crawford made demands. Instead, plaintiff filed this action two weeks after the related state court action was filed. Defendant Penny Crawford asserts that plaintiff forum-shopped by purposefully failing in state court to raise affirmative defenses. But plaintiff is not named in the state court action. In state court, plaintiff is only paying for defendant Thomas & Sons' defense under a complete reservation of rights. In any event, the state court action was filed first. If plaintiff first obtains a judgment in this court, the federal judgment may impact the outcome of the first-filed state court case. This court is hesitant to risk such interference.

The fourth factor is particularly significant to the court, and weighs in defendants' favor. This action involves key factual issues that are also before the state court. The issue to be decided in this declaratory judgment action is whether defendant Penny Crawford was acting in the course of her employment at the time of the accident, making the employee exclusion in the policy applicable. Defendant Penny Crawford's employment status at the time of her injuries is relevant to the underlying state court proceedings. Whether her injury arose in the course of her employment is intertwined with the questions raised in the state court action—how the accident occurred, who was at fault, and whether there are any defenses to fault. Where state court actions involve questions of affirmative

defenses to fault regarding whether an employee is acting within the course of employment, and thus affecting insurance coverage issues, courts find that staying the declaratory actions is appropriate. *See, e.g.*, *Nationwide*, 2014 WL 806183, at \*3 (citing *Schering Corp. v. Griffo*, 872 F. Supp. 2d 1220, 1243 (D.N.M. 2012)). While no affirmative defenses regarding acting in the course of employment are presently raised in the initial state court answer, the defendants in the state court action reserved the right to raise additional defenses. (Doc. 23-2.) Because factual issues with respect to the defendants' potential affirmative defenses in state court could overlap with the issues in this case, the court finds that a determination of the issue in this case could encroach upon state court jurisdiction and possibly cause friction between federal and state courts. The fourth *Mhoon* factor supports a stay.

The fifth and final *Mhoon* factor is neutral. "Declaratory judgment actions are particularly appropriate for situations in which insurance companies seek a declaration of their liability." *Cont'l W. Ins. Co.*, 184 F. Supp. 2d at 1122. "Courts have 'expressly recognized that one of the primary functions of the [Federal Declaratory Judgment] Act is to provide the [insurer] . . . such a forum.'" *Id.* (quoting *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575, 579 (10th Cir. 1991)). Here, no alternate remedy will resolve the insurance coverage issues. The state action will resolve only the liability and damage issues, and plaintiff is not a party to that action. However, staying this case until the state tort action is resolved is a more efficient treatment of the case. This lawsuit involves key factual issues regarding defendant Penny Crawford's employment status at the time of the accident, which could be addressed in the state court action. In deciding the state tort claims, the state court is going to become intimately familiar with the facts surrounding the accident. While not all of these facts will be relevant to determine if defendant Penny Crawford's injuries constitute a covered loss, some facts may be. Moreover, the outcome of the state court action could ultimately moot this case.

This court determines the balance of the *Mhoon* factors weighs in favor of staying this declaratory judgment action pending the resolution of the state tort action.

**IT IS THEREFORE ORDERED** that defendant Thomas & Sons Trucking, L.L.C.'s Motion to Stay These Proceedings or in the Alternative to Dismiss this Declaratory Judgment Action (Doc. 20) and defendant Penny Crawford's Motion to Dismiss or in the Alternative Stay the Declaratory Judgment Action until Resolution of the Contemporaneous State Action (Doc. 22) are denied in part and granted in part. The court denies the requests to dismiss but grants the requests to stay.

**IT IS FURTHER ORDERED** that the case is stayed. Defendants are directed to notify the court within thirty days of the resolution of the state court case.

Dated this 21st day of January, 2015, at Kansas City, Kansas.

 s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**